UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMILAH LEE | * | CIVIL ACTION NO. 24-1762 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| WAL-MART LOUISIANA, LLC | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

This is a slip and fall case. Before the Court is the plaintiff's Motion for Leave to File First Amending Complaint to join as a defendant an employee at the store where the alleged injury occurred. (Rec. Doc. 10). Because the Court finds that the likely purpose of the amendment is to defeat diversity jurisdiction and plaintiff would not be significantly injured if the amendment was not allowed, IT IS ORDERED that plaintiff's Motion for Leave is DENIED.

Background

This lawsuit arises out of an incident at a Wal-Mart Neighborhood Market on January 28, 2024. Plaintiff Jamilah Lee was a customer at the store, owned and operated by Wal-Mart Louisiana, LLC. She alleges that she tripped and fell on an improperly stowed case of water for sale on the floor of premises. Alternatively, she alleges that she slipped and fell on a foreign substance on the floor of the premises. She alleges that Wal-Mart Louisiana had actual or constructive knowledge of the unreasonably dangerous condition at all times. She suffered unspecified damages as a result of the fall.

Lee filed the present suit against Wal-Mart Louisiana in Louisiana state court on February 20, 2024. Wal-Mart served discovery to determine the extent of Lee's damages. Through medical

1

records it received, it determined that the amount in controversy exceeds $75,000 and removed to this Court on July 15, 2024. Trial is set to begin on September 15, 2025.

The deadline to amend pleadings was September 5, 2024, and on that date,[1] Lee sought leave to amend her Complaint to add Daishawn Williams as a defendant. She explains that she received Wal-Mart's discovery responses on May 10, 2024, and July 15, 2024, and therein Wal-Mart indicated that it has policies and procedures that include periodic safety checks of the aisles to avoid hazards such as the one alleged here. Wal-Mart also identified Williams as the employee who traversed the area where the water pallets were improperly stacked immediately prior to Lee's fall. Lee alleges that Williams was in the full course and scope of his/her employment at the time. She alleges Williams was grossly negligent for, among other things, failing to warn patrons of an unreasonably dangerous condition, allowing the condition that created an unreasonable risk of harm, and failing to remedy and/or guard the hazardous condition.

Wal-Mart opposes the proposed amendment. It argues that Lee is merely attempting to defeat this Court's diversity jurisdiction. It submits that Williams could not be liable to Lee, that Lee was dilatory in waiting nearly four months after she learned Williams' identity on May 8, 2024, to amend her pleadings, and that she would not be prejudiced because Williams was acting in the course and scope of employment at all relevant times.

Law and Analysis

1. *Amendment to Add Non-Diverse Defendant*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties

---

[1] Her original motion for leave to amend was filed on September 5, 2024, but it was marked deficient. She timely remedied the deficiency within seven days as required by the Clerk of Court, so the Court considers that she met the September 5, 2024, deadline.

or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured

if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

2. *Lee's Proposed Amendment*

Lee seeks to join a Louisiana resident as a defendant, which would destroy this Court's diversity jurisdiction. Therefore, the Court considers her proposed amendment under § 1447(e). In balancing the defendants' interest in maintaining this forum and the plaintiffs' interest in avoiding parallel litigation, the Court turns to the Hensgens factors.

a. *Purpose of the Amendment*

The Court first considers the extent to which the purpose of the amendment is to defeat federal jurisdiction. Wal-Mart contends that Lee's sole purpose in joining Williams is to defeat diversity jurisdiction because she has no viable claim against Williams.

"When courts analyze the first Hensgens factor, they consider 'whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.'" Tomlinson v. Allstate Indem. Co., No. CIV.A.06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (quoting Schindler v. Charles Schwab & Co., No. CIV.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)); see Shargian v. Shargian, 591 F. Supp. 3d 100, 107–08 (E.D. La. 2022) ("[C]ourts have recognized that a plaintiff's failure to join non-diverse defendants whose identities plaintiff knew prior to removal suggests that the purpose of an amendment is to destroy diversity jurisdiction."). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." Schindler v. Charles Schwab & Co., No. CIV.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005).

> To establish a prima facie negligence case against a store's employee under Louisiana law, a plaintiff must show that: (1) the plaintiff suffered damages as a

> result of the breach of a duty owed by the employer to a third person; (2) the employer delegated that duty to the employee; (3) the employee breached the duty "through personal (as contrasted with technical or vicarious) fault;" and the level of personal fault was more than breach of a "general administrative duty," instead involving "a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages."

Daigle v. Family Dollar Stores of Louisiana, Inc., No. CV 18-6334, 2019 WL 142286, at *2 (E.D. La. Jan. 9, 2019) (quoting Canter v. Koehring Co., 283 So. 2d 716, 721 (La. 1973) (superseded by statute on other grounds[2])); see Guillory v. PPG Indus., Inc., 434 F.3d 303, 312 (5th Cir. 2005). Thus, courts have not allowed joinder of a manager that had supervisory responsibility for the store's operations, when specific duties for maintaining the store were delegated to other managers and employees and where the manager was not even present at the time of the slip and fall accident. Black v. Lowe's Home Centers, Inc., No. CIV.A. 10-478-C-M2, 2010 WL 4790906, at *3 (M.D. La. Oct. 22, 2010), report and recommendation adopted, No. CIV.A. 10-478-RET, 2010 WL 4789165 (M.D. La. Nov. 17, 2010); Soman v. Target Corp. of Minnesota, No. CV 20-649-BAJ-EWD, 2022 WL 556825, at *4 (M.D. La. Jan. 13, 2022), report and recommendation adopted, No. CV 20-00649-BAJ-EWD, 2022 WL 554652 (M.D. La. Feb. 23, 2022); see Bertrand v. Fischer, No. CIV.A 2:09-CV-76, 2009 WL 5215988, at *7 (W.D. La. Dec. 29, 2009), subsequently dismissed sub nom. Bertrand v. Target Corp. of Minn., 399 F. App'x 857 (5th Cir. 2010) (finding plaintiff in a slip and fall case sought to improperly join the store manager where the manager did not cause and had no personal knowledge of the spill and the store had not delegated to the manager a duty to inspect aisles or create a schedule for that purpose); Carter v. Wal-Mart Stores Inc., No.

---

[2] "When the legislature amended LSA-R.S. 23:1032 by passing Act 147 of 1976, it was to legislatively overrule Canter v. Koehring Company, 283 So.2d 716 (1973), which had allowed executive officer suits as an additional remedy to employees." Courtney v. BASF Wyandotte Corp., 385 So. 2d 391, 394 (La. Ct. App.), writ denied, 386 So. 2d 359 (La. 1980)

5

CIV.A. 04-0072, 2005 WL 1831092, at *2-3 (W.D. La. July 28, 2005) (holding plaintiffs improperly joined the store manager where they alleged merely that the manager had failed to properly supervise and train the employees and institute a procedure for maintaining the safe condition of the rack that allegedly fell on plaintiffs); but see Freeman v. Wal-Mart Stores, Inc., 775 F. Supp. 208, 209 (W.D. La. 1991) (holding that plaintiff in a slip and fall case stated a viable claim against the store manager by alleging that the manager failed to adequately supervise and manage his employees).[3]

Instead, courts typically require allegations or showing that the employee bore some personal connection or link to the alleged incident. In Bertrand, the court found the plaintiff in a slip and fall case had no viable claim against the employee that allegedly failed to inspect the floor and failed to notice and clean up the spill where the store had only delegated to the employee a duty to be situationally aware and clean up noticed spills and plaintiff did not allege that the employee passed through the aisle where the accident occurred. 2009 WL 5215988, at *8; see Carter, 2005 WL 1831092, at *3 (holding plaintiffs had no reasonable possibility of recovery against an employee that allegedly was aware the rack was falling on plaintiffs yet failed to give warning). In Bradley v. Wal-Mart Stores, Inc., the court held that plaintiff could not state a claim against the employee who was allegedly "responsible for making sure that the carts/baskets, etc. were working properly [and] in good repair and removing from service those carts/baskets which were damaged or not working properly and in instructing employees in the proper use of said carts." No. CV 16-3249, 2016 WL 3180644, at *3 (E.D. La. June 8, 2016). The court found that

---

[3] The Court finds the holding in Freeman is inconsistent with Canter, which explained that "[w]ith regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment." Canter, 283 So. 2d at 721.

the plaintiff was seeking to impose "administrative, technical liability" on the employee. Id. at 4. In contrast, the same court found that plaintiff would be allowed to join the non-diverse employee who allegedly provided the shopping cart to the plaintiff, and assisted him in loading an artificial Christmas tree, and "folded and secured the collapsible shelf on said cart which ultimately became unsecured and injur[ed] plaintiff." Id. at *5. The court found that this was not administrative or technical liability but that this employee was directly involved in the incident in which the plaintiff was injured. Id.

Like the plaintiff in Bradley, plaintiff here seeks to impose administrative or technical liability on Williams as the employee allegedly responsible for remedying the alleged hazard because he/she traversed the area where the incident occurred immediately prior to Lee's fall. And unlike the second employee in Bradley, there is no suggestion that Williams was personally and directly involved in causing Lee's injury. The questionable viability of her claim against Williams suggests that the true purpose of her amendment is to defeat diversity jurisdiction. The timing of the amendment also supports this conclusion. Wal-mart notified her of Williams' identity and role in the incident in early May 2024, but she did not seek leave to amend until September 2024, after the matter was removed to this Court. The apparent purpose of the amendment weighs against granting leave to amend.

b. *Has Lee been dilatory?*

The next factor is whether plaintiff has been dilatory in asking for amendment. This is not a case where plaintiff knew the identity of the non-diverse defendant prior to filing suit. But, she did discover Williams' identity almost four months prior to seeking leave to amend. This factor weighs slightly against granting leave to amend.

c. *Would Lee be significantly injured if the amendment was not allowed?*

7

Lee does not explain any prejudice she would suffer if the amendment were not allowed. And the Court cannot find any. There is no dispute that Wal-Mart will be vicariously liable for any actions or inactions of Williams. There is no suggestion that Wal-Mart cannot fulfill any judgment that might be rendered in this case. Whether or not Williams is joined as a defendant, Lee will have the same recovery. See Palir v. Lab'y Corp. of Am., No. CV 19-00037, 2019 WL 6834141, at *2 (W.D. La. Dec. 13, 2019), appeal denied, judgment aff'd sub nom. Palir v. Lab'y Corp of Am., No. CV 19-0037, 2020 WL 2065963 (W.D. La. Apr. 29, 2020) (finding that the prejudice factor weighed in favor of denying leave to amend because the alleged acts of negligence of the individual defendant were committed in the course and scope of employment so the employer would be liable and would pay any judgment); Gilchrist v. Sam's E., Inc., No. 1:14-CV-3027, 2015 WL 3458165, at *2 (W.D. La. May 29, 2015) ("There is no argument that the employer is uninsured or insolvent, nor any allegation [of] personal or independent fault. Therefore it serves no useful purpose to name the employee as an additional defendant under these circumstances.").

Further, Lee does not contend that she would pursue separate litigation against Williams in state court if her amendment was not allowed here. Parallel litigation would be a waste of resources as to the parties and the courts. But, here, where Lee's claim against Williams is of questionable viability at best and where any judgment will be paid by defendant Wal-Mart, it is highly unlikely Lee will maintain a separate action against Williams in state court. Because plaintiff will not suffer a significant injury if the amendment is not allowed, this factor weighs against amendment.

Conclusion

Because the timing and questionable viability of the claim against Williams suggests that Lee's primary purpose in asserting it is to defeat diversity jurisdiction and because Lee would not suffer significant injury if the amendment were not allowed, the Court finds that joinder of

8

Williams is not appropriate under § 1447(e). Accordingly, Lee's Motion for Leave to Amend is DENIED.

New Orleans, Louisiana, this 7th day of November, 2024.

                                                                                                          Janis van Meerveld
                                                                                 United States Magistrate Judge